BARKDULL, Judge
(dissenting in part).
I must respectfully dissent from that portion of the opinion of the majority in this case reversing the order of the county judge striking the petition for order for assignment of dower, and requiring a jury trial on the issue of the petitioner’s right to dower in the estate of the deceased.
I would affirm the actions of the county judge, both on the denial of the petition for widow’s allowance and the striking of the petition for order for assignment of dower. It appears to me [from the record] that the actions of the petitioner constituted a waiver of her right to a jury trial, pursuant to the provisions of § 733.12(3), Fla.Stat., F.S.A., in that after the executor had filed *789 an objection to the family allowance upon the ground that the petitioner was not the widow of the deceased and, prior to the first hearing on said petition scheduled for August 17, 1961, the petitioner executed [before a notary] an election to take dower [which was subsequently served on counsel for the executor on August 18, 1961] and this was immediately objected to by the executor upon the same ground as he had objected to her right for family allowance, to wit: that she was not the widow of the deceased. Thereafter, the matter came on for subsequent hearings and the taking of testimony before the county judge in September and December of 1961. It is true, as pointed out in the majority opinion, that the original of the election to take dower was not filed until September 12, 1961, but it is apparent from the face of the election and the recitations therein, that it was prepared prior to the first hearing, served on opposing counsel for the executor prior to the second hearing, and the identical objection to her right to dower as that given in opposing her right to a widow’s allowance was presented by the executor prior to the second and subsequent hearings. To further indicate that the petitioner was aware that she was engaged in a judicial contest before the county judge, which would determine her right to dower [if not the assignment of dower] is the concluding portion of the petitioner’s memorandum and request for relief filed at the final hearing in December of 1961, wherein the following is found:
“ * * * This she does not do as these are not the true facts, and we respectfully submit that the Petitioner has adequately proven her case, that she is in dire need of widow’s allowance, that she should be found to be the widow of the decedent, Sam Levine, and awarded widow’s allowance by this Court, and awarded her dower interest in the Estate.” [emphasis added]
Wherefore, in view of the above premises, I find that the petitioner waived any right she might have had to have a jury determme her right to dower by submitting this issue [as to whether she was the widow of the deceased] to the county judge for adjudication. After he adjudicated she was not the widow of the deceased, this finding became the law of the case and she was, therefore, not entitled to a jury trial on her right to dower. I would therefore affirm the actions of the trial judge in the entry of the several orders here under review.